IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 4:03-CR-181 |
| | § | |
| GARY DEAN MEEK | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On November 10, 2008, the court held a hearing on the government's Petition to Revoke Supervised Release (#41). The government was represented by Assistant United States Attorney Heather Rattan. The defendant was represented by Denise Benson.

Gary Dean Meek was sentenced on August 5, 2004, before the Honorable U.S. District Judge Paul Brown, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of IV, was 63 to 78 months. Gary Dean Meek was subsequently sentenced to 36 months in prison followed by three years of supervised release subject to the standard conditions of release, plus certain special conditions to include financial disclosure, no new credit, drug treatment and testing, a $100 special assessment, and a $1,500 fine. On May 8, 2007, Gary Dean Meek completed his period of imprisonment and began service of the supervision term.

On November 10, 2008, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall refrain from any unlawful use of a controlled substance. The

defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. Specifically, the government alleges as follows: The defendant submitted a urine specimen that tested positive for methamphetamine on June 4, 2008, and October 16, 2008.

2) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. The defendant shall not commit another federal, state, or local crime. Specifically, the government alleges as follows: On July 27, 2007, the Court was notified of the offender's arrest for Driving While License Invalid on May 21, 2007. On December 10, 2007, the offender pled guilty and was sentence to four days in custody.

3) The defendant shall participate in a program of treatment of drug abuse, under the guidance and direction of the U. S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the government alleges as follows: The defendant failed to report for random drug testing at Keith Lang Counseling in Sherman, Texas, on July 29, 2008; August 8, 11, 18 and 25, 2008; and October 3, 9, 14, and 24, 2008.

4) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. Specifically, the government alleges as follows: The defendant has been unemployed since May 2008.

5) The defendant shall identify the probation officer ten days prior to any change in residence or employment. Specifically, the government alleges as follows: In September 2008, the defendant moved from Whitesboro, Texas, to Gainsville, Texas, without notifying his officer ten days prior to changing his residence.

The Court scheduled a revocation hearing for November 20, 2008. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the allegations as set forth above.

Based on the defendant's plea of true to the allegations, and with no objection by the defendant or the government, the Court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months and one day, with no supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegations as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to the allegations, it is further recommended that the Court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months and one day, with no supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the Court request that the Bureau of Prisons place the defendant in its Ft. Worth, Texas, facility during the period of his confinement.

At the close of the November 20, 2008, revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised

release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the Court may act on the report and recommendation immediately.

    SIGNED this 4th day of December, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE